EUGENE LLOYD MORRELL v. STATE.

178 N. W. (2d) 247.

June 12, 1970—No. 41583.

*C. Paul Jones,* State Public Defender, and *Rosalie E. Wahl,* Assistant State Public Defender, for appellant.

*Douglas M. Head,* Attorney General, *John R. Kenefick,* Special Assistant Attorney General, and *William B. Patton,* County Attorney, for respondent.

Heard before Knutson, C. J., and Nelson, Sheran, Peterson, and James F. Murphy, JJ.

PER CURIAM.

Appeal from an order of the district court denying a petition for postconviction relief.

On February 7, 1962, defendant was sentenced to an indeterminate term at the State Prison of not to exceed 20 years for the crime of rape (Minn. St. 1961, § 617.01) upon a conviction entered on the basis of his plea of guilty to an information charging this offense.

The petition for postconviction relief, filed October 26, 1967, is based upon the ground that the plea of guilty should be vacated because although defendant tendered the plea, he did so while denying an essential element of the offense, i. e., penetration. It is further claimed that the attorney who counseled him was inadequate because he nevertheless permitted the plea to be entered.

We have examined the record and have concluded that it does not support defendant's claims. The most that can be said is that defendant,

in pleading guilty, did so in reliance upon a medical report which, he was told, established the fact of penetration. No attempt was made to prove the absence of such medical findings as represented. This being so, petitioner failed to sustain his burden of proof. Minn. St. 590.04, subd. 3.

The decision of the trial court is affirmed without prejudice to such further proceedings as may be warranted if it can be established that the plea of guilty was prompted entirely by nonexistent medical findings.

Affirmed.